IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**FILED**
OCT 2 7 2015
CLERK OF CIRCUIT COURT #60
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

CASSANDRA DRENNAN, )
LAURA DRENNAN, )
E███ D███████, by her Mother and Next )
Friend, CASSANDRA DRENNAN, )
A███████ D███████, by her Mother )
and Next Friend, CASSANDRA DRENNAN, )
B██████ D███████, by her Mother and )
Next Friend, CASSANDRA DRENNAN )
)
)
Plaintiffs, )
)
VS. ) No.: 15-L- 1382
)
JACK LEE FORSTER )
)
Defendant )

## COMPLAINT

### Count I

Comes now the Plaintiff, Cassandra Drennan, by and through her attorneys, Beatty & Motil, and for her cause of action against the Defendant, Jack Forster, states as follows:

1)   That on or about November 21, 2013, at approximately 2:33 p.m., Illinois highway 203, at a point near the intersection with Lindell Boulevard, was and still is an open and public roadway running in generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2)   That at said time and place, the Plaintiff, Cassandra Drennan, was the owner of a 2007 Chrysler van which she was operating in a generally northern direction upon and along Illinois Highway 203 located in the City of Granite City, County of Madison, and State of Illinois, and was stopped at a stop light at the above-stated intersection.


DEFENDANT'S EXHIBIT A

3)   That at said time and place, the Defendant, Jack Forster, was the owner and operator of a 2000 Toyota Sienna vehicle and was operating same in a generally northern direction upon and along Illinois Highway 203 some considerable distance behind the vehicle of the Plaintiff and approaching the above-stated intersection.

4)   That at said time and place, the Plaintiff's vehicle was stopped at a stop light on Illinois Highway 203 at the intersection of Lindell Boulevard; that the Plaintiff's vehicle had operating brake lights.

5)   That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at the said intersection as aforesaid.

6)   That it then and there became and was the duty of the Defendant, Jack Forster, to exercise reasonable care and caution in the operation of his vehicle so as not to injure the Plaintiff or damage Plaintiff's vehicle.

7)   That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding with the rear of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereafter alleged.

8)   That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A)   Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

    (B)   Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

(C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

(D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

(E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly stopped aforesaid;

(F) Failed to maintain proper attention to the traffic ahead of him, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G) Operated his vehicle at an excessive speed for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Cassandra Drennan, then and there sustained severe and permanent personal injuries; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy and endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Cassandra Drennan, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Cassandra Drennan, prays for Judgment against the Defendant, Jack Forster, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

### Count II

Comes now the Plaintiff, Laura Drennan, by and through her attorneys, Beatty & Motil, and for her cause of action against the Defendant, Jack Forster, states as follows:

1) That on or about November 21, 2013, at approximately 2:33 p.m., Illinois highway 203, at a point near the intersection with Lindell Boulevard, was and still is an open and public roadway running in generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, Laura Drennan, was a passenger in a 2007 Chrysler van which she was operating in a generally northern direction upon and along Illinois Highway 203 located in the City of Granite City, County of Madison, and State of Illinois, and was stopped at a stop light at the above-stated intersection.

3) That at said time and place, the Defendant, Jack Forster, was the owner and operator of a 2000 Toyota Sienna vehicle and was operating same in a generally northern direction upon and along Illinois Highway 203 some considerable distance behind the vehicle of the Plaintiff and approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was stopped at a stop light on Illinois Highway 203 at the intersection of Lindell Boulevard; that the Plaintiff's vehicle had operating brake lights.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at the said intersection as aforesaid.

6) That it then and there became and was the duty of the Defendant, Jack Forster, to exercise reasonable care and caution in the operation of his vehicle so as not to injure the Plaintiff or damage Plaintiff's vehicle.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding

with the rear of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

>  (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;
>
>  (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;
>
>  (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;
>
>  (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;
>
>  (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly stopped aforesaid;
>
>  (F) Failed to maintain proper attention to the traffic ahead of him, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;
>
>  (G) Operated his vehicle at an excessive speed for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Laura Drennan, then and there sustained severe and permanent personal injuries; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical

services and therapy and endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Laura Drennan, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Laura Drennan, prays for Judgment against the Defendant, Jack Forster, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

### Count III

Comes now the Plaintiff, B▇▇▇ D▇▇▇, by her Mother and Next Friend, Cassandra Drennan, a Minor, and by and through her attorneys, Beatty & Motil, and for her cause of action against the Defendant, Jack Forster, states as follows:

1) That on or about November 21, 2013, at approximately 2:33 p.m., Illinois highway 203, at a point near the intersection with Lindell Boulevard, was and still is an open and public roadway running in generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, B▇▇▇ D▇▇▇, was the minor daughter of Cassandra Drennan, and a passenger in a 2007 Chrysler van which Plaintiff Cassandra Drennan was operating in a generally northern direction upon and along Illinois Highway 203 located in the City of Granite City, County of Madison, and State of Illinois, and was stopped at a stop light at the above-stated intersection.

3) That at said time and place, the Defendant, Jack Forster, was the owner and operator of a 2000 Toyota Sienna vehicle and was operating same in a generally northern direction upon and along Illinois Highway 203 some considerable distance behind the vehicle of the Plaintiff and approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was stopped at a stop light on Illinois Highway 203 at the intersection of Lindell Boulevard; that the Plaintiff's vehicle had operating brake lights.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at the said intersection as aforesaid.

6) That it then and there became and was the duty of the Defendant, Jack Forster, to exercise reasonable care and caution in the operation of his vehicle so as not to injure the Plaintiff or damage Plaintiff's vehicle.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding with the rear of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

    (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

    (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

    (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

    (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or turn the

Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly stopped aforesaid;

(F) Failed to maintain proper attention to the traffic ahead of him, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G) Operated his vehicle at an excessive speed for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, E███ D███, then and there sustained severe and permanent personal injuries; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy and endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, E███ D███, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, E███ D███, prays for Judgment against the Defendant, Jack Forster, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

### Count IV

Comes now the Plaintiff, A███ D███, by her Mother and Next Friend, Cassandra Drennan, a Minor, and by and through her attorneys, Beatty & Motil, and for her cause of action against the Defendant, Jack Forster, states as follows:

1) That on or about November 21, 2013, at approximately 2:33 p.m., Illinois highway 203, at a point near the intersection with Lindell Boulevard, was and still is an open and

public roadway running in generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, A███████ D██████ was the minor daughter of Cassandra Drennan, and a passenger in a 2007 Chrysler van which Plaintiff Cassandra Drennan was operating in a generally northern direction upon and along Illinois Highway 203 located in the City of Granite City, County of Madison, and State of Illinois, and was stopped at a stop light at the above-stated intersection.

3) That at said time and place, the Defendant, Jack Forster, was the owner and operator of a 2000 Toyota Sienna vehicle and was operating same in a generally northern direction upon and along Illinois Highway 203 some considerable distance behind the vehicle of the Plaintiff and approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was stopped at a stop light on Illinois Highway 203 at the intersection of Lindell Boulevard; that the Plaintiff's vehicle had operating brake lights.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at the said intersection as aforesaid.

6) That it then and there became and was the duty of the Defendant, Jack Forster, to exercise reasonable care and caution in the operation of his vehicle so as not to injure the Plaintiff or damage Plaintiff's vehicle.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding

with the rear of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

 (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

 (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

 (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

 (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

 (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly stopped aforesaid;

 (F) Failed to maintain proper attention to the traffic ahead of him, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

 (G) Operated his vehicle at an excessive speed for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, A▬ D▬, then and there sustained severe and permanent personal injuries; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical

services and therapy and endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, A▮▮▮ D▮▮▮, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, A▮▮▮ D▮▮▮, prays for Judgment against the Defendant, Jack Forster, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

### Count V

Comes now the Plaintiff, B▮▮▮ D▮▮▮, by her Mother and Next Friend, Cassandra Drennan, a Minor, and by and through her attorneys, Beatty & Motil, and for her cause of action against the Defendant, Jack Forster, states as follows:

1) That on or about November 21, 2013, at approximately 2:33 p.m., Illinois highway 203, at a point near the intersection with Lindell Boulevard, was and still is an open and public roadway running in generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, B▮▮▮ D▮▮▮, was the minor daughter of Cassandra Drennan, and a passenger in a 2007 Chrysler van which Plaintiff Cassandra Drennan was operating in a generally northern direction upon and along Illinois Highway 203 located in the City of Granite City, County of Madison, and State of Illinois, and was stopped at a stop light at the above-stated intersection.

3) That at said time and place, the Defendant, Jack Forster, was the owner and operator of a 2000 Toyota Sienna vehicle and was operating same in a generally northern direction upon and along Illinois Highway 203 some considerable distance behind the vehicle of the Plaintiff and approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was stopped at a stop light on Illinois Highway 203 at the intersection of Lindell Boulevard; that the Plaintiff's vehicle had operating brake lights.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at the said intersection as aforesaid.

6) That it then and there became and was the duty of the Defendant, Jack Forster, to exercise reasonable care and caution in the operation of his vehicle so as not to injure the Plaintiff or damage Plaintiff's vehicle.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding with the rear of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

    (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

    (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

    (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

    (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or turn the

Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly stopped aforesaid;

(F)  Failed to maintain proper attention to the traffic ahead of him, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G)  Operated his vehicle at an excessive speed for the conditions present along said roadway.

9)  That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, B▮▮▮▮ D▮▮▮▮▮▮, then and there sustained severe and permanent personal injuries; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be hindered from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy and endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, B▮▮▮▮ D▮▮▮▮▮▮, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, B▮▮▮▮ D▮▮▮▮▮▮, prays for Judgment against the Defendant, Jack Forster, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

CASSANDRA DRENNAN
LAURA DRENNAN
E███ D███████, by her Mother and Next
Friend, CASSANDRA DRENNAN,
A███████ D███████, by her Mother
and Next Friend, CASSANDRA
DRENNAN,
B███████ D███████, by her Mother and
Next Friend, CASSANDRA DRENNAN

By: *Adam Bragee*
BEATTY & MOTIL
Adam W. Bragee - #6319053
78 South Main Street
P.O. Box 730
Glen Carbon, IL 62034
(618) 288-1300
(618) 288-1112 Fax
ATTORNEYS FOR PLAINTIFF

October 27, 2015

11/9 10:44    11/10 12:51    11/12 11:4C    11/15 11:06    11/16 12:16    11/17 1:39    11/18 12:12    518    11-26

11/20    11/21 9:51

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.com

CASE No. 2015 L 001382

DATE: October 27, 2015

(59)

CASSANDRA DRENNAN

PLAINTIFF

VS.

FORSTER JACK LEE
3767 Raymond Drive
Bridgeton, MO 63044

5 WILLG

DEFENDANT

DEFENDANT: FORSTER JACK LEE

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this October 27, 2015.

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: _____
Deputy Clerk

NOV - 5 2015

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
ADAM W. BRAGEE
BEATTY & MOTIL
78 S MAIN ST
PO BOX 730
GLEN CARBON, IL 62034

Date of Service: _____, 20____.
(To be inserted by officer on the copy left with the defendant or other person)

2015 NOV -5 PM
St. Louis County Sheriff   RECEIVED

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

15-SMCC-8710



CASE No. 2015 L 001382

STATE OF ILLINOIS }
MADISON COUNTY } ss.

I, _____, Sheriff of said county, have duly served the within summons on the defendant _____ by leaving a copy thereof with said defendant personally, on the _____ day of _____, 20___.

I have duly served the said summons on the defendant, _____ on the _____ day of _____, 20_____, by leaving a copy of said summons on said date at his/her usual place of abode with _____, a person of the family of said _____ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant _____, at his/her usual place of abode, as stated hereinabove in my return.

Dated this _____ day of _____, 20_____.

_____
Sheriff

Sheriff's Fees

Service................$_____

Making Copies:........$_____

Miles Traveled...$_____

Cost of mailing copies $_____

Return..................$_____

Total..................$_____

CASSANDRA DRENNAN

PLAINTIFF

VS.

FORSTER JACK LEE

DEFENDANT

2 of 2



# OFFICER'S AFFIDAVIT OF SERVICE

**Court Case Number:** 2015L001382   CASSANDRA DRENNAN V FORSTER JACK LEE

**Service Upon:** FORSTER JACK LEE at 3767 RAYMOND DRIVE BRIDGETON, MO 63044

I hereby certify that:

1) I am authorized to serve process in civil actions within the state or territory where the document was served.

2) My official title is Deputy Sheriff of St. Louis County, Missouri

3) I have served the within by: **(COPIES OF ALL SERVICE DOCUMENTS ATTACHED)**

   [X] delivering a copy of the within to the named Defendant.

   [ ] leaving a copy of the within at the dwelling place or usual abode of the named Defendant with a person of the Defendant's family over the age of 15 years.

   [ ] (for service on a corporation) delivering a copy of the within to _____ (name)
   _____ (title)

   [ ] other _____

   [ ] Non Est. After making due and diligent search the within named defendant cannot be found in St. Louis County.

In St. Louis County, Missouri on the 21st day of Nov, 2015 Time 9:51 A.m.

JIM BUCKLES, SHERIFF
ST. LOUIS COUNTY, MISSOURI

By: _____ Deputy Sheriff

**SERVICE FEES:**
Summons  $_____
Notary    $_____
Mileage   $_____
TOTAL     $_____

SUBSCRIBED AND SWORN TO before me this 24 day of November, 2015.

I am: (check one)
[ ] the clerk of the court of which affiant is an officer.
[ ] the judge of the court of which affiant is an officer.
[ ] authorized to administer oaths in the state in which the affiant served the above summons.

_____ Signature
_____ Title

ROBERT E. BRUNK
My Commission Expires
March 19, 2016
St. Louis County
Commission #12316595

Form AFFOOS - 12/2014